UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

**JOHN MANGANARO**

   **Plaintiff**

v.

**UNITED PARCEL SERVICE, INC
TEAMSTERS LOCAL UNION NO.
170 AFFILIATED WITH THE
INTERNATIONAL BROTHERHOOD
OF TEAMSTERS**

   **Defendants.**

CIVIL ACTION NO.

04 cv 10147 WGY

MAGISTRATE JUDGE Alexander

RECEIPT # 53339
AMOUNT $ 150
SUMMONS ISSUED 2
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. _____
DATE 1-23-04

**COMPLAINT AND DEMAND FOR JURY TRIAL**

I. **INTRODUCTION**

This action is brought by John Manganaro against United Parcel Service, Inc., his employer for breach of a collective bargaining agreement with his union, Teamsters Local No. 170 Affiliated with the International Brotherhood of Teamsters who is also a defendant to this action by virtue of its conduct in violation of the duty of fair representation owed to Mr. Manganaro.

1

## II. JURISDICTION

1. The Court has jurisdiction over the lawsuit pursuant to § 301 of the National Labor Relations Act, 29 U.S.C. §185 for violations of a collective bargaining agreement between the Defendants, and for breach by the union of its duty of fair representation to the Plaintiff.

## III. PARTIES

2. Plaintiff JOHN MANGANARO, (Hereinafter, "Manganaro") is a resident of Ashland, Middlesex County, Massachusetts. Plaintiff is an employee of Defendant, United Parcel Service and has worked at its Ashland facility for the past seventeen years washing trucks and trailers. He was originally hired as part of a special needs program.

3. Defendant, UNITED PARCEL SERVICE, INC., (Hereinafter, "UPS") is an Ohio and New York corporation with a facility located in Ashland, Middlesex County, Massachusetts.

4. Defendant TEAMSTERS LOCAL UNION NO. 170 AFFILIATED WITH THE INTERNATIONAL BROTHERHOOD OF TEAMSTERS, (Hereinafter, "THE UNION") is a labor organization as that term is defined by 29 U.S.C. §152(5) and has a place of business in Worcester, Worcester County, Massachusetts.

## IV. STATEMENT OF FACTS

5. On or about July 30, 2003 Manganaro was unlawfully fired from his employment with UPS where he had worked for the past seventeen years The decision to terminate Manganaro's employment was not supported by just cause as required by

Article 59 of the collective bargaining agreement between UPS and the Union.

6. Article 59 of the Agreement between UPS and the Union provides that an employee may not, except in circumstances not relevant here, be suspended or terminated unless at least "one warning notice of the complaint against such employee has been given to the employee personally, or in writing, and a copy of the same to the Union..."

7. At the time UPS terminated Manganaro's employment he had not been given a warning notice as required by the collective bargaining agreement.

8  At a meeting held on July 30, 2003 Manganaro was presented with an ultimatum by representatives of UPS and the Union. Either he signs an agreement accepting a one week suspension and a last chance agreement or the termination would not be rescinded. Faced with the loss of his employment Manganaro was coerced by representatives of UPS and the Union into signing the last chance agreement.

9. The one week suspension was itself a violation of Article 59 in that there was not a prior written warning presented to Manganaro.

10. Manganaro repeatedly requested the Union's assistance to resolve this matter. The Union repeatedly refused to submit a grievance on Manganaro's behalf to reverse his unlawful suspension.

11. By letter dated August 20, 2003 Manganaro's attorney wrote the Union requesting that it file a grievance on behalf of Mr. Manganaro challenging his unjust suspension and to seek removal of the last chance agreement from his file. The Union failed to respond to this request.

3

## COUNT I
## BREACH OF THE DUTY OF FAIR REPRESENTATION
(Defendant Union)

12.     Plaintiff realleges the allegations set forth in paragraphs one through eleven above as if fully stated herein.

13.     Manganaro was a member in good standing in the Defendant Union.

14.     The Union owed a duty to fairly represent Manganaro in protecting his rights guaranteed by the collective bargaining agreement between UPS and the Union.

15.     The Union's failure to challenge the termination of Manganaro's employment was arbitrary and in bad faith in violation of the duty of fair representation owed to Manganaro given that he was terminated without the contractually guaranteed benefit of receiving a warning prior to being terminated.

16.     The Union's action in coercing Manganaro to accept a one week suspension and agree to a last chance agreement was arbitrary and in bad faith in violation of the duty of fair representation owed to Manganaro given that he was suspended without the contractually guaranteed benefit of receiving a warning prior to being suspended.

17,     The Union's failure to protect Manganaro's rights guaranteed by the collective bargaining agreement by filing a grievance and pursue the matter through arbitration was arbitrary and in bad faith in violation of the duty of fair representation owed to Manganaro.

4

18. As a result of the unlawful action of Defendant Union Manganaro has lost wages, benefits and is subject to being terminated for violation of the last chance agreement.

## COUNT II
## BREACH OF COLLECTIVE BARGAINING AGREEMENT
(Defendant UPS)

19. Plaintiff realleges the allegations set forth in paragraphs one eighteen above as if fully stated herein.

20. Defendant UPS violated the collective bargaining agreement by terminating Manganaro's employment on or about July 30, 2003.

21. Defendant UPS violated the collective bargaining agreement by suspending Manganaro for one week on or about July 30, 3003 and requiring that he sign a last chance agreement as a condition of continuing in the employ of UPS.

22. As a result of the unlawful action of Defendant Union Manganaro has lost wages, benefits and is subject to being terminated for violation of the last chance agreement.

WHEREFORE, the plaintiff demands judgment against defendants as follows:

1. Damages for breach of the collective bargaining agreement in an amount to be determined at trial.
2. Injunctive relief removing the last chance agreement from plaintiff's personnel file.
3. Punitive Damages.
4. Attorney's Fees.
5. Costs of this action.
6. Such further relief as this honorable Court deems just.

**THE PLAINTIFF IN THE ABOVE ENTITLED ACTION DEMANDS A TRIAL BY JURY.**

JOHN MANGANARO, Plaintiff
By his Attorney,

HOWARD I. WILGOREN, ESQ.
179 Union Avenue
Framingham, MA 01702
(508) 626 - 8600
BBO No. 527840

DATED: January 22, 2004