# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

## CIVIL ACTION CASE NUMBER: 04CV10147WGY

| | |
|---|---|
| JOHN MANGANARO, | ) |
| **PLAINTIFF** | ) |
| vs. | ) |
| | ) |
| UNITED PARCEL SERVICE, INC. | ) |
| TEAMSTERS LOCAL UNION NO. 170 | ) |
| AFFILIATED WITH THE INTERNATIONAL | ) |
| BROTHERHOOD OF TEAMSTERS | ) |
| **DEFENDANTS** | ) |
| | ) |

## ANSWER AND AFFIRMATIVE DEFENSES OF
## TEAMSTERS LOCAL UNION NO. 170 AFILIATED WITH THE
## INTERNATIONAL BROTHERHOOD OF TEAMSTERS
## AND DEMAND FOR JURY TRIAL

Now comes the Defendant, Teamsters Local Union No. 170 and answers the

allegations set forth in the Plaintiff's Complaint as follows:

1.   The Defendant denies the allegations contained in paragraph 1 of the Complaint.

2.   The Defendant admits the allegations contained in paragraph 2 of the Complaint

except the Defendant has insufficient knowledge to admit or deny any allegation as to

whether the Plaintiff was originally hired as part of a special needs program.

3.   The Defendant admits the allegations contained in paragraph 3 of the Complaint.

4.   The Defendant admits the allegations contained in paragraph 4 of the Complaint.

5.   The Defendant denies the allegations contained in paragraph 5 of the Complaint.

6.   The Defendant denies the allegations contained in paragraph 6 of the Complaint.

7.   The Defendant denies the allegations contained in paragraph 7 of the Complaint.

8.   The Defendant denies the allegations contained in paragraph 8 of the Complaint.

1

9.     The Defendant denies the allegations contained in paragraph 9 of the Complaint.

10.    The Defendant denies the allegations contained in paragraph 10 of the Complaint.

11.    The Defendant denies the allegations contained in paragraph 11 of the Complaint.

12.    The Defendant restates and incorporates its answers to paragraphs 1 through 11 and incorporates the same herein as if fully set forth.

13.    The Defendant admits the allegations contained in paragraph 13 of the Complaint.

14.    The Defendant admits the allegations contained in paragraph 14 of the Complaint.

15.    The Defendant denies the allegations contained in paragraph 15 of the Complaint.

16.    The Defendant denies the allegations contained in paragraph 16 of the Complaint.

17.    The Defendant denies the allegations contained in paragraph 17 of the Complaint.

18.    The Defendant denies the allegations contained in paragraph 18 of the Complaint.

19.    The Defendant restates and incorporates its answers to paragraphs 1 through 18 and incorporates the same herein as if fully set forth.

20.    Defendant is without information or knowledge sufficient to admit or deny the allegations contained in paragraph 20 of the Complaint.

21.    Defendant is without information or knowledge sufficient to admit or deny the allegations contained in paragraph 21 of the Complaint.

22.    Defendant is without information or knowledge sufficient to admit or deny the allegations contained in paragraph 22 of the Complaint.

FIRST AFFIRMATIVE DEFENSE

The Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff has failed to exhaust his administrative remedies, as Plaintiff failed to submit a timely grievance in accordance with a condition precedent contained Article 48, §2 of the Collective Bargaining Agreement, and Plaintiff's Complaint should be dismissed.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's Complaint should be dismissed, as Plaintiff was given at least one warning notice in accordance with Article 59 of the Collective Bargaining Agreement.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint should be dismissed, where Plaintiff's conduct violated the employer's anti-harassment and workplace violence policies and/or requirements and consequently, the Plaintiff's conduct negated the employer's requirement to provide a warning to the Plaintiff.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint should be dismissed, as Plaintiff voluntarily and without coercion, entered into the agreement of July 30, 2003, in which Plaintiff fully and finally resolved and settled the action for which Plaintiff now brings this suit.

## SIXTH AFFIRMATIVE DEFENSE

Defendant did not act arbitrarily or in bad faith with respect to its duty of fair representation to the Plaintiff.

3

## SEVENTH AFFIRMATIVE DEFENSE

If the Plaintiff sustained damages as alleged in the Complaint, they were caused by the acts of a third person, which acts the Defendant had no reason to anticipate and of which person the Defendant had no knowledge, and over whom it had no control.

## EIGHT AFFIRMATIVE DEFENSE

The Defendant reserves the right to assert further affirmative defenses at the completion of discovery.

WHEREFORE, Defendant, Teamsters Local 170 respectfully requests that this Honorable Court:

1.    Enter Judgment in favor of the Defendant, Teamsters Local 170 as all claims set forth in the Plaintiff's Complaint;

2.    Order that the Defendant, Teamsters Local 170 be awarded its costs in defending this action, including all costs and reasonable attorney fees;

3.    Grant such further relief this Honorable Court deems just and proper.

The Defendant, Teamsters Local Union No. 170 demands a trial by jury.


February 18 , 2004           Teamsters Local Union No. 170,
                             by its attorney,


                             Raymond J. Reed, Esquire
                             37 Highland Street
                             Worcester, Massachusetts 01609
                             508-752-2064
                             B.B.O. Number: 548868

4

CERTIFICATE OF SERVICE

I, Raymond J. Reed hereby certify that on this 18th day of February, 2004 a copy of the foregoing ANSWER AND AFFIRMATIVE DEFENSES OF TEAMSTERS LOCAL UNION NO. 170 AFILIATED WITH THE INTERNATIONAL BROTHERHOOD OF TEAMSTERS has been forwarded by mailing the same by first class mail, postage pre-paid to the following parties or counsel of record:

For the Plaintiff:

Howard I. Wilgoren, Esquire
179 Union Avenue
Framingham, Massachusetts 01702

United Parcel Service, Inc.
ATTENTION: SUE DUNPHY, ENE LABOR MANAGER
315 Hartford Pike
Shrewsbury, Massachusetts 01545

Raymond J. Reed, Esquire